The Honorable Marvin Steele State Representative 912 W. Barton Avenue West Memphis, AR 72301-2803
Dear Representative Steele:
You have presented the following question for my opinion:
 Are the at-large members of the West Memphis School District and the Marion School District required to run at the September 17, 2002 election if their previously elected five-year terms have not expired and the areas they represent have not changed?
You have provided the following facts, which are pertinent to your question: Both the West Memphis School District and the Marion School District have greater than a 10% minority population. Both have been historically organized with members from five zones and two members who serve at large. Because of 2000 census demographic data, both districts have approved a realignment of all five of their school zones to balance the population. Both districts have passed resolutions in regular board meetings to continue in the five-zone/two at-large organizational pattern. Both districts are notifying the public of this resolution in the local newspaper. Both districts have filed the resolution and maps with the Crittenden County Election Commission as required. Neither district is under federal court order.
RESPONSE
Summary of Response: It is my opinion that after a district has been rezoned, an entirely new board must be elected. However, the two at-large members can be chosen from among the members of the existing board, by the drawing of lots. If the two at-large members about whom you have inquired were chosen in this manner, they need not run in the September 17, 2002 election. However, if they are in the role of at-large members by virtue of having been elected to those positions in a previous election, they are not entitled to serve out their five-year terms, and must run in the September 17, 2002 election.
Discussion
Your question is governed by A.C.A. § 6-13-631, which states in pertinent part:
 (a) Beginning with the 1994 annual school election, the qualified electors of a school district having a ten percent (10%) or greater minority population out of the total population, as reported by the most recent federal decennial census information, shall elect the members of the board of directors as authorized in this section, utilizing selection procedures in compliance with the federal Voting Rights Act of 1965, as amended.
 (b)(1) At least ninety (90) days before the election, the local board of directors shall:
 (A) By resolution, choose to elect board members from five (5) or seven (7) single-member zones or from five (5) single-member zones and two (2) at large; and
 (B) With the approval of the controlling county board of election commissioners, divide each school district having a ten percent (10%) or greater minority population into five (5) or seven (7) single-member zones in accordance with the federal Voting Rights Act of 1965, as amended.
 (2) Zones shall have substantially equal population, with boundaries based on the most recent available federal decennial census information.
 (c) A board of directors choosing to elect board members by five (5) single-member zones and two (2) at-large positions may fill the two (2) at-large positions by drawing lots from among the current board members.
 (d)(1)(A) A candidate for election from a single-member zone must be a qualified elector and a resident of the zone.
 (B) A candidate for an at-large position must be a qualified elector and a resident of the district.
 (2)(A) Except as provided in subsection (e) of this section, a district board member shall serve a five-year term.
 (B) A term shall commence when the county court declares the results of the election by an order entered of record.
 (e) At the first meeting of a new board of directors, the members shall establish initial terms by lot so that, to the extent possible, an equal number of positions are filled each year and not more than two (2) members' terms expire each year.
 (f)(1) After each federal decennial census and at least ninety (90) days before the annual school election, the local board of directors, with the approval of the controlling county board of election commissioners, shall divide each school district having a ten percent (10%) or greater minority population into single-member zones. The zones shall be based on the most recent federal decennial census information and substantially equal in population.
 (2) At the annual school election following the rezoning, a new school board shall be elected in accordance with procedures set forth in this section.
A.C.A. § 6-13-631(a)-(f) (emphasis added).
The above-quoted statute is clear in requiring the election of an entirely new school board following rezoning. See Subsection (f)(2); Op. Att'y Gen. No. 2001-176. However, the statute does permit the existing board (i.e., the board that existed prior to the rezoning) to choose the two at-large members from among its members by the drawing of lots. See
Subsection (c).
In accordance with the statute's unambiguous requirement that an entirely new board be elected following rezoning, I must conclude that the two at-large members (like the other members of the board) cannot serve out their previous elective five-year terms. They must either run for election in the September 17, 2002 election, or be chosen from among the members of the existing board by the drawing of lots. It should be noted that the length of the terms of all the new board members must be determined by the drawing of lots at the first meeting of the new board.See Subsection (e).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General